# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 3:93-cr-034

                                      District Judge Walter Herbert Rice
   -vs-                                    Chief Magistrate Judge Michael R. Merz

STUART T. NORMAN, JR., et al.,

        Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Stuart Norman's Motion to Reopen Habeas Judgment As a Result of Fraud Upon this Court (Doc. No. 1041). In the Motion, Defendant Norman seeks to reopen this Court's final judgment denying his Motion to Vacate pursuant to 28 U.S.C. §2255. That judgment was entered in 2000[1].

While Mr. Norman cites no authority for his Motion, motions for relief from judgment are authorized by Fed. R. Civ. P. 60. That Rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

---

[1] Mr. Norman refers to the judgment in question as entered on April 13, 2000. Actually, the final judgment denying the §2255 Motion was entered May 24, 2000 (Doc. No. 890). The difference in dates is not material to the decision of the instant Motion.

1

> vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, or proceeding was entered or taken.

Since Mr. Norman seeks relief from a judgment which is far more than one year old, his Motion should be denied on that basis alone.

Since this matter involves a §2255 Motion, Mr. Norman would need a certificate of appealability from this Court to appeal. Reasonable jurists would not disagree with the foregoing analysis that the Motion is untimely made. Therefore Defendant should be denied both a certificate of appealability and leave to appeal *in forma pauperis*.

May 30, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Norman 60(b) Motion 01.wpd